**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAR 3 - 2010

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

```
                                )
HARRY R. JACKSON, JR.,          )
et al.,                         )
                                )
        Plaintiffs,             )
                                )
        v.                      )    Civil Action No. 10-338 (RWR)
                                )
DISTRICT OF COLUMBIA, et al.,   )
                                )
        Defendants.             )
                                )
```

## MEMORANDUM OPINION AND ORDER

The Religious Freedom and Marriage Equality Act of 2009
("RFMEA") expands the definition of marriage to same-sex couples
in the District of Columbia.  The D.C. Charter provides that
legislation enacted by the D.C. Council may be blocked if a
sufficient number of voters request a referendum on the issue,
but the D.C. Board of Elections, D.C. Superior Court, and D.C.
Court of Appeals denied plaintiffs' request for a referendum on
the grounds that the referendum would violate the District of
Columbia Human Rights Act.  The RFMEA is set to go into effect on
March 3, 2010, at which point the plaintiffs will lose any right
to pursue the referendum.  The plaintiffs filed a motion for a
temporary restraining order in Superior Court, which was denied,
and the plaintiffs' appeal to the D.C. Court of Appeals and
application for stay to the Supreme Court have been denied.  The
plaintiffs have filed this separate claim, arguing that they are

entitled, under the Due Process Clause, to a full and complete
hearing on the merits of their claim in Superior Court before the
RFMEA takes effect and have filed a motion for a temporary
restraining order to stay the effective date of the RFMEA.
Because the plaintiffs have not demonstrated that they will
suffer irreparable harm in the absence of preliminary relief or
that they are likely to succeed on their claim on the merits, the
motion for a temporary restraining order will be denied.

### DISCUSSION

To obtain preliminary injunctive relief, a plaintiff must
show that "[1] he is likely to succeed on the merits, [2] that he
is likely to suffer irreparable harm in the absence of
preliminary relief, [3] that the balance of the equities tips in
his favor, and [4] that an injunction is in the public interest."
Winter v. Natural Resources Defense Council, Inc., 129 S. Ct.
365, 374 (2008).  The court must balance the four factors,
evaluating them on a "sliding scale."  Davis v. Pension Ben.
Guar. Corp., 571 F.3d 1288, 1291-92 (D.C. Cir. 2009).  "A court
may deny a plaintiff's application for a temporary restraining
order or preliminary injunction without first providing a hearing
on the merits when the record is sufficient to demonstrate a lack
of right to relief."  National Propane Gas Ass'n v. U.S. Dep't of
Homeland Sec., 534 F. Supp. 2d 16, 18 (D.D.C. 2008) (quoting

- 3 -

Smith v. Harvey, Civil Action No. 06-1117 (RWR), 2006 WL 2025026, at *2 (D.D.C. July 17, 2006); L.Cv.R. 65.1(d).

Because interim injunctive relief is an extraordinary form of judicial relief, courts should grant such relief sparingly. Such relief "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). Any injunction must be narrowly tailored to remedy the harm shown. Nat'l Treasury Employees Union v. Yeutter, 918 F.2d 968, 977 (D.C. Cir. 1990).

I.   IRREPARABLE HARM

An "irreparable harm" is an imminent injury that is both great and likely, and for which legal remedies are inadequate. Wisconsin Gas Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir. 1985) (citing Sampson v. Murray, 415 U.S. 61, 88 (1974)). To show that a future harm is likely, the movant must provide "proof indicating that the harm is certain to occur in the near future. Further, the movant must show that the alleged harm will directly result from the action which the movant seeks to enjoin." Wisconsin Gas Go., 758 F.2d at 674.

Here, the plaintiffs have not shown that they will suffer an irreparable harm if the Act goes into effect before it is subject to a public referendum. Although the referendum will become moot if the law becomes effective on March 3, 2010, the plaintiffs have also taken steps to organize a ballot initiative, through

- 4 -

which D.C. voters could have an opportunity to overturn the RFMEA
even after it becomes effective.  Because that ballot initiative
does not face the same time constraints as the referendum does,
the D.C. courts would have an opportunity to consider the
relevant legal questions, which appear to be the same for both
the referendum and the ballot initiative, on the merits.
Accordingly, any procedural due process right that the plaintiffs
might have to a final adjudication on the merits will not be
irreparably harmed in the absence of preliminary injunctive
relief because they will be able to obtain such a determination
as they pursue their ballot initiative.

II.  LIKELIHOOD OF SUCCESS ON THE MERITS

     The plaintiffs also cannot demonstrate a likelihood of
success on the merits.  Plaintiffs cite <u>Goldberg v. Kelly</u>, 397
U.S. 254, 262 (1970), and <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S.
422, 437 (1982), for the proposition that the Due Process Clause
creates a right to obtain a final ruling from a judicial
tribunal, including any appeal, on the merits of a party's claim
before the issue becomes mooted.  However, procedural due process
is satisfied when "an appropriate hearing has been provided at a
meaningful time and in a meaningful manner[.]"  <u>Atherton v. D.C.
Office of Mayor</u>, 567 F.3d 672, 690 (D.C. Cir. 2009).  To make
this determination, a court considers the private interest that
will be affected by the official action, the risk of erroneous

deprivation of the interest through the procedures used and the probable value of any additional safeguards, and the government's interest, including the administrative burdens the additional procedure would entail.  See Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

Under this standard, the plaintiffs cannot demonstrate that procedural due process is violated by the lack of an adjudication on the merits before their claim is mooted.  The process for adjudicating a motion for preliminary injunctive relief reflects a balance of the private interest at stake, the risk of erroneous deprivation, and the administrative burden of additional procedural safeguards.  If the plaintiffs' proposition is correct, a court could never deny a motion for preliminary injunctive relief once any showing is made that the plaintiffs would be irreparably harmed before a final adjudication on the merits could take place.  However, because the four factors are considered on a sliding scale, a court may deny relief if the plaintiffs do not adequately demonstrate that they are likely to succeed on the merits, that the balance of the equities tips in their favor, or that an injunction is in the public interest. The plaintiffs' procedural due process right to be heard has been satisfied by their filing a motion for preliminary injunctive relief in Superior Court, and their subsequent opportunity to appeal after the Superior Court denied the motion.  Accordingly,

- 6 -

the parties cannot show that they are likely to succeed on the merits of their procedural due process claim.

III. BALANCE OF THE EQUITIES

Even though the plaintiffs may be correct that granting preliminary injunctive relief would not substantially harm others because it would only delay implementing the law for a short period of time, this showing, by itself, is not sufficient to overcome the plaintiffs' failure to show irreparable harm or a likelihood of success on the merits.

IV.  PUBLIC INTEREST

The plaintiffs claim that preliminary injunctive relief will serve the public interest by allowing litigants to exercise their right to appeal, which promotes public trust in the judicial system.  However, the public interest is also served by allowing courts to adjudicate claims in an efficient manner, an interest which may be undermined if courts may not deny motions for preliminary injunctive relief any time a plaintiff merely makes a showing of irreparable harm.  Accordingly, this factor does not weigh strongly in favor of granting preliminary injunctive relief in this case.

## CONCLUSION AND ORDER

The plaintiffs have not demonstrated that they will suffer irreparable harm in the absence of preliminary injunctive relief,

- 7 -

or that they are likely to succeed on the merits.  Accordingly, it is hereby

ORDERED that the plaintiffs' motion for a temporary restraining order be, and hereby is, DENIED.

SIGNED this 2nd day of March, 2010.

_____
RICHARD W. ROBERTS
United States District Judge